Ex parte SANKS BURKS.

No. A-9189.  Aug. 21, 1936.

(60 Pac. [2d] 401.)

Hal Welch and Dan Welch, for petitioner.

Ralph K. Jenner, Co. Atty., and Robert H. Warren, Asst. Co. Atty., for respondent.

DOYLE, J. In this case petitioner, Sanks Burks, filed in this court on August 12, 1936, his duly verified petition, alleging that he is unlawfully imprisoned in the county jail and restrained of his liberty by Cap Duncan, sheiff of Choctaw county; that having been charged with the murder of Otis Rollins, alleged to have been committed in said county on or about the 8th day of April, 1936, upon a preliminary examination before T. W. Hunter, county judge of Choctaw county, he was held to await the action of the district court of said county to answer said charge of murder; that thereafter an information was duly filed in the office of the court clerk of the district court of said county charging petitioner with the crime of murder; that on a habeas corpus proceeding in the district court of said county George R. Childers, district judge, denied bail and remanded petitioner to the custody of said sheriff.

Petitioner further alleges that he is not guilty of the crime of murder as charged in said information, and that upon the evidence introduced at said preliminary examination and the testimony of said petitioner as a witness in his own behalf it is shown that the proof of his guilt of the crime of murder is not evident nor the presump-

tion thereof great. A transcript of the testimony taken upon the preliminary examination, together with the testimony of the petitioner as a witness in his own behalf, is annexed to and made a part of the petition.

Petitioner in his testimony admits the shooting, but claims that it was done in his necessary self-defense.

Upon the return day of the rule to show cause a hearing was had in this court.

It is well settled that a mere conflict of the testimony, even upon a material issue, does not of itself entitle a prisoner held for murder to be admitted to bail. The evidence must be considered as a whole, and when so considered, unless a well-founded doubt of the prisoner's guilt of murder is generated, bail will be denied.

The rule generally approved by appellate courts is that in denying an application for bail neither the facts nor the law of the case should be discussed by the court lest it prejudice the rights of the petitioner on his final trial, and we shall adhere to that rule in this case.

We deem it sufficient to say that we find no element of legal jurisdiction or excuse, and we concur with the district court in its finding that the petitioner is not entitled to bail.

Writ refused, and bail denied.

EDWARDS, P. J., and DAVENPORT, J., concur.